IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CONNIE DOBSON**                                                                                      **PLAINTIFF**

V.                                              NO. 2:22-CV-00053-JTK

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                                **DEFENDANT**

## ORDER

### I. Introduction:

Plaintiff, Connie Dobson ("Dobson"), applied for disability benefits on October 30, 2018, alleging a disability onset date of May 29, 2017. (Tr. at 11-24). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Dobson's application on May 5, 2021. *Id*. The Appeals Council denied her request for review. (Tr. at 1-4). The ALJ's decision now stands as the final decision of the Commissioner, and Dobson has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that Dobson had not engaged in substantial gainful activity from the alleged onset date of May 29, 2017, through her date last-insured of December 31, 2019.[2] (Tr. at 14). The ALJ found, at Step Two, that Dobson had the following severe impairments: lumbar degenerative disc disease, bilateral knee osteoarthritis s/p remote left knee partial knee replacement, bilateral shoulder arthritis s/p right rotator cuff repair, and A-fibrillation. *Id*.

After finding that Dobson's impairments did not meet or equal a listed impairment (Tr. at 16), the ALJ determined that Dobson had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that she can only occasionally climb, stoop, kneel, crouch, crawl and reach overhead bilaterally. *Id.*

Based on Dobson's RFC and vocational evidence, the ALJ found that Dobson was capable of performing past relevant work as an office manager. (Tr. at 24). Therefore, the ALJ found that Dobson was not disabled. *Id.*

### III.   Discussion:

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

3

*Id*.

   B. Dobson's Arguments on Appeal

Dobson contends that the evidence supporting the ALJ's decision is less than substantial. She argues that; 1) the ALJ should have found her hand impairment to be severe at Step Two; 2) the ALJ did not fully account for limitations from A-fibrillation; and 3) the ALJ did not properly evaluation the consultative examiner's opinion.

Dobson complains of disabling pain in her hands, but she was able to perform many daily activities without help. (Tr. at 219-220, 273-274, 941). The ALJ noted that Dobson had arthritis in her hands, and that she had surgery to remove a bone spur and ganglion cyst in her right thumb in February 2018. (Tr. at 14, 654-657). Dobson reported improvement with treatment. (Tr. at 14, 673-682, 987-991). After surgery, her pain was listed as a 3 out of 10. (Tr. at 673-682). A 2019 EMG/NCV study was essentially normal. (Tr. at 14, 987, 1003). Dobson was treated conservatively with medication and splints. (Tr. at 905, 909, 968, 987).

While Dobson relies on records from 2020 to show that she had manipulative limitations from her hand impairment. These records post-date the relevant time-period and an ALJ need not consider such records, especially when they are inconsistent with the balance of the timely evidence. *See Moore v. Astrue*, 572 F.3d

4

520, 525 (8th Cir. 2009) (evidence must pertain to the time before the end of the insured period). The ALJ considered Dobson's ability to perform daily activities, her improvement with treatment, and her conservative course of care (Tr. at 14); his conclusion that her hand impairment was non-severe was proper.[3]

Likewise, records stemming from Dobson's A-fibrillation do not display disabling conditions. She had a successful ablation in March 2018, and she was doing very well after surgery. (Tr. at 315, 365-368, 533). EKG tracing and Holter monitory were normal. (Tr. at 495-497). Cardiac examinations were generally normal. (Tr. at 17, 452-469). She was allowed to stop her heart medication. (Tr. at 495). Dobson's exercise response was normal. (Tr. at 453, 467). The ALJ properly discussed and considered Dobson's resolving heart condition, and was not required to assign RFC restrictions based on that condition.

Finally, Dobson alleges that the ALJ erred by not including all of the consultative examiner's report in his decision. Dr. Charlies Spellman, Ph.D., conducted a mental evaluation of Dobson on October 22, 2019. (Tr. at 941-945). He

---

[3] The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart,* 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

noted Dobson's ability to perform daily activities, and her lack of treatment for mental health issues. *Id*. He found that she had a mildly anxious mood and was cooperative in the interview, with logical and relevant thought-processes. *Id*. Dr. Spellman said that Dobson could cope with the cognitive demands of work-like tasks and communicate intelligibly and effectively. *Id*. At the end of his report, he said that physical pain may affect her ability to complete certain work functions. *Id*. The ALJ did not incorporate mental limitations into the RFC.

An ALJ can discount a medical opinion partially or in its entirety if it is inconsistent internally or with other evidence. *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000); *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011). In this case, the medical opinions do not show disabling mental conditions. For example, the DDS mental impairment experts found mental impairments were non-severe at the initial and reconsideration level of review. (Tr. at 23). The ALJ discussed these opinions, and he also discussed Dr. Spellman's' statements about Dobson's physical pain. *Id*. Based on a complete lack of mental health treatment or impatient admission, the ALJ properly concluded that Dobsons' mental conditions were non-severe. (Tr. at 15). His evaluation of Dr. Spellman's opinion, which did not demonstrate disabling mental impairments, was sufficient.

## IV. Conclusion:

6

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly considered Dobson's hand conditions and A-fibrillation, as well as the opinion of Dr. Spellman. The finding that Dobson was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 24th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE